Mr. Joseph George
CDCR# T-79867
Pelican Bay State Prison
P.O. Box 7500, A1-224
Crescent City, CA 95532

**RECEIVED**
JUN 2 5 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

**FILED**
JUN 2 5 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

RE: <u>POLICE CONSPIRACY TO ASSIST OTHER INMATES STAB ME TO DEATH; FONDLED BY GAY OFFICER WHILE HANDCUFFED; AND THREATS WITH CRIMINAL CHARGES TO COVER UP PROPERTY THEFT BY OFFICER</u>

Well hello there;

Thursday, June 21, 2007
2:07 CV 1274 MCE DAD P

I am a prisoner who c/o's have committed numerous crimes against, I am fair game and reported these acts to Attorney Generals office, Inspector Generals Office, State Senators, Federal Courts, Sacramento Internal Affairs and now to you. Nobody seems to care because its me versus the prison system and 4,000 shortage of correctional officers, so discipline for misconduct and crime acts go unpunished. Anyway, I am very very desperate and reach the end of my rope. I suppose to parole on my max release date is 10/25/07; however, I will not parole because staff is going to stage or set me up for a false crime like indecent exposure, battery on officer or whatever they come up with to buy more time for a total cover up. As you will see by the documents I have enclosed they have a pattern of retaliating against me for filing lawsuit and staff complaints and it's not going to stop as long as I am incarcerated at Pelican Bay. I need help, please help me. <u>I need to be removed from the prison immediately point blank!!! My life is in imminent danger!!!</u>

I can only provide vague information because this is not a secure line of communication & they don't know what I know and they wont find out this way but intercepting my mail.

<u>I will polygraph test to all my allegations I am making:</u>

<u>Murder conspiracy facts</u>

On November 13, 2006, while housed in A Facility, Unit 2, cell 108, I sent (4) request for interviews to (4) staff alerting them to search 'A' section because the mexicans were making alot of weapons. The requests were anonymously written. However I was informing officers that came to the cell for food tray pick up about weapon production so they knew it was me who sent those notices.

December 4 through 22, 2006, I Attended (5) yard Recreation without incident. However, during (2) yard attendance an officer would always "George" and make light conversation. It was to flag me or identify "the target" to yard staff in proximity before I entered the yard. Since I managed to go unscaved police thought they'd try another approach.

On February 2, 2007, I was Rehoused on B facility, Unit 8, cell 226, which was "orientation" for new arrivals, Ad/Seg & SHU kickouts. Only porters had the freedom to mingle with others in the building when not on yard or dayroom. So porters were always out until 11:30 a.m. or ordered to lockup by staff.

On March 13, 2007, I wrote the Warden, Sacramento Internal Affairs, U.S. District Court SF & Oakland the c/o T. Wadsworth was trying to assist other inmates stab me to death. Very vague but to the point.
On March 18, 2007, I wrote a grievance about Police conspiracy to kill me. #PBSP-B07-00719
On March 19, 2007, I started a cell fire to go to Ad/Seg because they would not give me protective custody (See Rule Violation Report Arson Log #B07-03-0028 Incident #PBP-B08-07-03-0112).

On April 13, 2007, I was "cell extracted" or "tear gassed" out of Ad/Seg and placed right back in B facility, Unit B8, cell 229, this time to instill the most extreme fear to hopefully get me to start a fire for a definite DA prosecution for 3 Strikes. See Rule Vio Rpt Log #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 and incident #PBP-A51-07-04-0146

On April 25, 2007, the Arson case was referred to Crescent City DA Office.

On April 30, 2007, I was rehoused back to A facility Unit 3, cell 125, since I didn't start a second fire, staff ~~thought~~ may ~~I would~~ hang around on A yard to start a racial war, or that I would be disciplined for snitching. At this point they have nothing to lose I knew too much and still don't!

On May 2, 2007, I locked my cellmate out of the cell and was ordered out the cell at gun point on video tape (See Rule Violation Report Log # A07-05-0001) I was taken to the holding cage. I was giving the option of going back to the cell and be placed in harms way or stay in the holding cage overnight.

On May 3, 2007, I was housed in Ad/Seg for safety concerns after 22 hours in the holding cage with no food.

On May 11, 2007, the Willfully delaying a Peace Officer on April 13, 2007 was Referred to Crescent City DA Office.

On May 17, 2007, the DA office Rejected the Arson case.

On May 18, 2007, the DA office Rejected the Resisting & Deterring an Officer case.

On June 21, 2007, Today I am in Ad/Seg on a 90 day investigation into the inmate names provided to the Warden by letter on May 7, 2007 via institutional mail. Why would they investigated inmates officers conspired with to murder Pelican Bay Officer and Administration enemy #1. As you can see the Administration new the whole time, they got tired of me making a fool out of them but my life is in imminent danger.

The reason I say it was a murder conspiracy way they were trying to get me to come out the cell while (3) Mexicans had steel knives and I had nothing in a closed environment. Once I got stabbed and made it to the Hospital it was all over. I am trying to sue the Hospital so I would have to die period. These people are doing a lot to protect the Hospital for some strange reason.

Remember, I'll take a polygraph examination to all my allegations and provide mind bogling information upon investigation. Thank you for your time and I look forward to this matter being immediately investigated.

P.S. So
    Sorry
      So
        Sloppy...

Sincerely and Respectfully,

Joseph

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region
1. __PBSP__
2. _____

Log No. __PBSP__
1. __B07-00719__
2. _____

Category __7/6__

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Joseph George | T-79867 | | |

A. Describe Problem: Emergency Appeal. This is an emergency appeal against numerous prison officials who have engaged in a conspiracy to have me murdered in the first degree. After I sent a request for interview to Associate Warden Cook, A Facility Captain, D. Swearingen CCII and Sgt. M. Lyon that Mexicans were making a lot of knives and they needed to search for weapons. C/O C. Lyon conducted cell searches but intentionally not frisking inmates whose cells were being searched in order not to find any weapons. Everybody knew I snitched so I told the Mexicans I did it and why. However prison officials decided to

If you need more space, attach one additional sheet.

B. Action Requested: To be housed in protective custody immediately.

Inmate/Parolee Signature: _Joseph George_    Date Submitted: 3/18/07

C. INFORMAL LEVEL (Date Received: 19 Mar 2007)

Staff Response: I/M George was very clear that he wasn't crazy, he planned the fire as a sure way to get sent back to Ad/Seg where he would be safe. He states while in Ad/Seg before going to B8, he essentially "declared war" against the Mexicans by reporting them as making weapons. The Mexicans were stomping on the floor keeping him awake at night. He admits he was more anxious when he saw the B8 CO's not taking him seriously that he could get stuff by porters and others. He came out feeling relieved to be back in Ad/Seg and states he will withdraw this 602, since it's all over. He could give me no specific names of inmates out to get him.

Staff Signature: __Dr. Van Osdel__    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim    CDC Appeal Number: _____

TO CDW MAR 22 2007    MAR 28 2007 1ST AW-GP    APR 27 2007 2ND APPEALS

First Level: ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **3-28-07**   Due Date: **5-09-07**

Interviewed by: **D. O'Donnell / SGT**

_Noted_

Staff Signature: **D. O'Donnell**   Title: **SERGEANT**   Date Completed: **4/18/07**
Division Head Approved:
Signature: **M.A. Cook**   Title: **AW-GP**   Returned: **4-26-07**   Date to Inmate: **APR 26 2007**

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied [with] the fact that I relayed safety concerns to A/W Cook and correctional staff on several occasions. On 4/12/07, only met the psych for evaluation after A/W Cook threaten to send me back to general population and I was extracted on 4/13/07 to try to prevent GP placement. Points to the fact of safety concerns and issues.

Signature: **Joseph George**   Date Submitted: **4/26/07**

Second Level: ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **4-27-07**   Due Date: **5/25/07**
☐ See Attached Letter

Signature: **N. Threm CCII**   Date Completed: **5-3-07**
Warden/Superintendent Signature: **M.A. Cook**   Date Returned to Inmate: **5-8-07**

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied! During the conduct[ed] by O'Donnel I informed him about speaking in front of (3) other staff members. Sgt O'Donnell made no attempt to accomodate my privacy concerns. Therefore, O'Donnell was not interested in what I had to say and only wanted to know whether I wanted to withdraw the complaint. Pursuant to 15CCR§3341.5(c)(8) an inmate whose safety... may be placed in PHU. The male inmate who he may... ...shall not be the basis for PHU placement. This appeal was responded to because I re-entered Ad/Seg on 5/3/07 so the names of inmates I provided won't be apart of this complaint.

Signature: **Joseph George**   Date Submitted: **5/14/07**

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

use this as the perfect opportunity to have me killed in retaliation for filing grievances and lawsuits against staff. Majority of the Mexicans that came out of Administrative Segregation like me was relocated to the B-yard in Unit B8. Correctional Officer T. Wadsworth, 2nd watch control tower officer worked M/F and in charge of carrying out or orchestrating the hit. The plot was simple. First try to get me to relax, then carry out the hit to stab me to death. On certain days I was to be lured out of my cell and the mexicans would already be out or when I leave the building. Let them out and wait for me to come back and attack me before I get in the cell. The only problem was I never left the cell on those days. After I knew they were desperate and ready. I did not come out and haven't left the cell in weeks. Currently my cell door is rigged not to open when the control officer activates the switch and has always been since I entered Unit B8-226. These are the dates attempts was made to take my life but I would not leave the cell. On March 1, call to the clinic, March 3rd and 5th c/o T. Wadsworth had mexicans waiting for me to leave the cell waiting for showers, March 8, Law Library visit, March 9th and 12th yard calls. I know one weapon was provided. The mexicans showed it off in their own little way to instill fear in me. On March 13, I wrote the Warden about c/o T. Wadsworth conduct. That morning at 2:20 am on March 14, inmate Dubon K-19498 in cell 225 was found dead with a string around his neck. When c/o Ms. Woods came back to take photos. I informed her to tell Lt. J. Akin I was requesting protective custody. Sgt. J. Frisk came back and placed a padlock on my bar door. Several hrs. later Sgt. B. Patton tried to interview me about the suicide but I declined. C/o T. Wadsworth did not show up for duty on March 16, so I guess the Warden reassigned Wadsworth. So c/o C. Maxwell, A. Popow and a Sgt. tried tried to lure me out the cell on the 16th, that was an attempt to hit. On Saturday the 17th c/o C. Maxwell and A. Popow tried to lure me out the cell, another attempt to hit. I finally had to tell c/o C. Maxwell to stop taking the padlock off my door because he was not authorized to take it off. c/o A. Popow told me I don't know what day it was so I told him you are going to need a lawyer messing with me and he said bring it on. That's staff attitude, we can do anything we want and get away with it and it's true.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.
Executed March 18, 2007.    *Joseph George*
                             Joseph George

# FIRST LEVEL APPEAL RESPONSE

APPEAL LOG NUMBER: PBSP-B 07-60719
INMATE: GEORGE
CDC NUMBER: T-79867
APPEAL DECISION: DENIED

APPEAL ISSUE (MODIFIED)
You contend that on several occasions, Pelican Bay State Prison (PBSP) staff engaged in a conspiracy to have you murdered by other inmates while not taking your safety concerns seriously. You are requesting to be placed into protective custody immediately.

FINDINGS
Correctional Sergeant D. O'Donnell interviewed you on April 7, 2007. During the course of this interview you related essentially the same information as provided in the written appeal of this issue. You stated that Prison Officials were trying to quiet you up and that you just wanted a transfer out of PBSP. Sergeant O'Donnell asked you, specifically, who was trying to quiet you up. You did not provide any names. During the course of the interview, you continuously interrupted and appear very agitated. Most of the time, you were very unintelligible. Sergeant O'Donnell tried many different approaches to get specific answers from you; however, you only repeat that you wanted to be transferred. Sergeant O'Donnell explained that a transfer was out of the scope of authority at this level and that you should discuss that issue with the next Committee that you might have.

A thorough review of this complaint has been conducted to resolve this issue. Sergeant O'Donnell interviewed Officer T. Wadsworth concerning this matter on April 18, 2007 at about 1355 hours. Sergeant O'Donnell interviewed Officer C. Maxwell on April 12, 2007 at about 1545 hours. Sergeant O'Donnell interview Officer M. Popow on April 8, 2007 at about 0545 hours. After interviewing all three Officers, Sergeant O'Donnell finds that there is no evidence to support the allegations.

In the event staff misconduct is sustained the Institution's Administration will take the appropriate course of Action. All staff personnel matters are confidential in nature and not privy to inquiries by other staff, the general public, or inmate population and will not be released to the inmate. Although the inmate has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeal process.

DETERMINATION OF ISSUE:
A thorough review of the allegations presented in this complaint has been completed. Based on this review, the actions requested to resolve this appeal are DENIED. Your request to be placed in protective custody is DENIED. Although you were rehoused to ASU on March 19, 2007 for other reasons. Additionally, the following determination has been made that your allegations of staff misconduct are: UNFOUNDED.

_____  4/23/07
M. FOSS                  Date
Facility Captain
Facility B

_____  4-24-07
M.A. COOK                Date
Associate Warden
General Population

PELICAN BAY STATE PRISON
SECOND LEVEL REVIEW

DATE: MAY 7 2007
Pelican Bay State Prison
Facility A, General Population
Building 3, Cell 125

RE: WARDENS' LEVEL DECISION                APPEAL: DENIED
    APPEAL LOG NO PBSP-B-07-00719          ISSUE: STAFF COMPLAINTS

This matter has been Reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). On April 17, 2007, Correctional Sergeant D. O'Donnell conduct the interview at the First Level of Review.

### ISSUES

Inmate George requests protective custody immediately.

### FINDINGS

**I**

The inmate alleges in his appeal that on several occasions, PBSP staff engaged in a conspiracy to have him murdered by other inmates, while not taking his safety concerns seriously.

**II**

The inmate was dissatisfied with the First Level Response, stating that he started a cell fire to be placed in Administrative Segregation Unit (ASU). The inmate alleges that he saw Psychiatric staff on April 12, 2007, after Associate Warden M. Cook allegedly threatened to send him back to the General Population (GP). He also states that he was extracted from his cell on April 13, 2007, to try to prevent GP placement. The inmate contends that his actions to prevent GP placement points to the fact of his safety concerns and issues.

### DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP institutional procedures and departmental policies.

All staff were appropriately noticed and interviewed. All staff personnel matter are confidential in nature. Information concerning such matters is not available in response to inquiries from the general public, inmate population or other staff members. In the event of staff

Supplement Page 2
GEORGE T79867
APPEAL # PBSP-B-07-00719

misconduct, the institutional supervisory and administrative staff would take the appropriate course of actions. However, this would remain confidential information and would not be released.

The thorough review of the allegations presented in this complaint was completed. The inmate was uncooperative during his interview and would not give specific answers. He only repeated that he wanted to transfer. The inmate was advised that he should discuss a request for transfer at his next Classification Committee appearance. The investigation concluded that the allegation of staff misconduct has been deemed UNFOUNDED. The inmate's request for protective custody is DENIED. It is noted, however, that he was rehoused in the ASU, on March 19, 2007, for other reasons and was subsequently released to Facility 'A' GP. This APPEAL IS DENIED

MODIFICATION ORDER
No modification of this decision or action taken is required.

M.A. Cook
ROBERT A. HOREL

NAT #21 Date 05/03/07

9/0 LUKS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. PBSP
2. _____

Log No.
1. A07-00907
2. _____

Category
7/8

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Joseph George | T-79867 | | |

A. Describe Problem: This is a Staff Complaint Against Correctional Officer LUKs pursuant to 15 CCR §§ 3291(b); 3391(b) and P.C. §832.5 for sexual misconduct. On 3/20/07 C/O's LUKs and Ms. Larson came to the cell to escort me to the clinic. Upon exiting the cell C/O LUKs or another officer began fondling my buttock. My back was turned so I didn't which officer it was. C/O Ms. Larson said it wasn't me. During my clinical visit C/O LUKs became very aggressive. Ask me whats that black spot on your finger I said a mole. For some strange reason C/O LUKs was

If you need more space, attach one additional sheet.

B. Action Requested: This matter be investigated by internal affairs and C/O LUKs disciplined for sexual misconduct.

Inmate/Parolee Signature: _Joseph George_    Date Submitted: 4/10/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

APR 12 2007 TO CDW    APR 23 2007 2ND APPEAL

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____
_____
_____
_____
_____
_____
_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                       Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____
Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                   Date: _____

CDC 602 (12/87)

mesmerized and lusting off me. The next morning the stalking continued. During med pass c/o Luks and another officer was escorting the RN issue medication. After the RN and unknown officer leave the cell next door, c/o Luks stood in front of my cell, leaned against rail, and was just staring hard at me. I had to turn the lights out and get under the covers for c/o Luks to leave. I have nothing against gay or lesbian people. I choose to prefer the opposite sex exclusively!! I have a right to be secure from being molested and fondled by police officer. I want the sexual harassment to stop. These acts by were illegal, unwarranted, unprovoked, unethical discrediting hisself and CDCR.

I declare under the penalties of perjury, under the laws of the State of California that the foregoing is correct and true
Executed on April 10, 2007.        _____
                                    Joseph George

PELICAN BAY STATE PRISON
SECOND LEVEL REVIEW

DATE: MAY 11 2007
INMATE GEORGE T-79867
Pelican Bay State Prison
Facility A, Administrative Segregation Unit
Building 1, Cell 224

RE: WARDEN'S LEVEL DECISION                                    APPEAL: DENIED
    APPEAL LOG NO. PBSP-A-07-00907                             ISSUE: STAFF COMPLAINTS

This matter was reviewed by ROBERT A. HOREL, Warden at Pelican Bay State Prison (PBSP). Correctional Lieutenant T. Woods conducted the investigation and interview of this appeal issue.

ISSUE

Inmate George requests an Internal Affairs investigation be conducted and that Correctional Officer G. Luks be disciplined for sexual misconduct.

FINDINGS
I

The inmate alleges in his appeal Correctional G. Luks fondled his buttock and stalked him.

DETERMINATION OF ISSUE

All submitted documentation and supporting arguments have been considered. Additionally, a thorough review has been conducted into the claim presented by the inmate and evaluated in accordance with PBSP institutional procedures and departmental policies.

All staff were appropriately noticed and interviewed. All staff personnel matters are confidential in nature. Information concerning such matters are not available in response to inquiries from the general public, inmate population, or other staff members. In the event of staff misconduct, the institutional supervisory and administrative staff would take the appropriate course of actions. However, this would remain confidential information and would not be released.

Although the inmate has the right to submit appeals as staff complaint, the request for administrative action regarding staff or placement of documentation in a staff member personnel file is beyond the scope of the appeal process. The thorough review of the allegations presented in the complaint was completed. The investigation concluded that allegations of staff misconduct have been deemed UNFOUNDED. THIS APPEAL IS DENIED.

Supplement Page 2
Inmate GEORGE T 79867
Appeal # PBSP-A-07-00907

MODIFICATION ORDER

No modification of this decision or action taken is required.

M. A. Cook

Robert A. Horel
WARDEN

NAT #21 Date 05/09/07